

**Littler Mendelson, P.C.**
375 Woodcliff Drive
Suite 2D
Fairport, New York 14450

Jacqueline Phipps Polito
585.203.3413 direct
585.486.1774 fax
jpolito@littler.com

January 23, 2026

**VIA CM/ECF FILING**

Hon. Edgardo Ramos
US District Court for the Southern District of NY
40 Foley Square
New York, NY 10007

Re:    *Kitzmiller v. Barnard College, et al.,* Case No. 1:25-cv-08634

Dear Judge Ramos:

Defendant Barnard College ("Barnard"), pursuant to Section 2(A)(ii) of Your Honor's Individual Practices, requests a pre-motion conference in anticipation of Barnard's motion to dismiss Plaintiff's Complaint (Dkt. 1, "Compl.").

Plaintiff Erika Kitzmiller, a former employee of Barnard, served as an adjunct professor during the 2015-2016 Academic Year and again as a non-tenured, Term Assistant Professor from the 2019-2020 Academic Year through the 2023-2024 Academic Year. Compl., ¶¶ 48, 51.[1] As a Barnard Term Assistant Professor, Plaintiff was a member of the Barnard Contingent Faculty Union. *Id.*, ¶ 52. At its core, Plaintiff's 50-page Complaint challenges two 2022 hiring decisions for tenure-track positions at Barnard which were ultimately awarded to other female candidates. *Id.*, ¶¶ 87, 93, 96, 98. Plaintiff asserts eleven causes of action under federal and state law, each of which fail as a matter of law.

### I.    Plaintiff's Discrimination Claims Are Not Actionable.

Plaintiff's claims of discrimination fail under Title IX (Count I), 42 U.S.C. § 1981 (Counts IV, V) and Title VI (Count VII) as she completely fails to tie Barnard's "failure to hire" to any protected class under these statutes. Notably absent from the Complaint is any allegation based upon sex or gender, which is fatal to a Title IX claim. *See Roe v. St. John's Univ.*, 91 F.4th 643, 652 (2d Cir. 2024)(affirming dismissal where plaintiff failed to "sufficiently allege[] that the university acted with the discriminatory intent required for a successful Title IX claim.").[2] Here, Plaintiff admits Barnard hired two *female* candidates to fill the tenure-track positions – the only "adverse" employment action alleged under

---

[1] Barnard does not dispute that Plaintiff was employed by Barnard from 2019 through 2024 but, as this Court has previously found, Plaintiff has not alleged sufficient facts to plausibly plead joint employment with Columbia University. *Pell v. Trustees of Columbia Univ. in City of N.Y.*, No. 97 Civ. 0193 (SS), 1998 WL 19989, at *1 n.1 (S.D.N.Y. Jan. 21, 1998).
[2] Plaintiff is not entitled to emotional distress damages under either Title IX or Title VI. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 217-18, 230 (2022).

Title IX. Compl., ¶¶ 236-41, 247-48. Thus, Plaintiff failed to plausibly allege a Title IX discrimination claim. *Roe*, 91 F.4th at 660 (dismissing claim that "failed to plausibly allege 'circumstances suggesting that gender bias was a motivating factor…'") (internal quotations omitted).[3] Similarly, the Complaint fails to allege a plausible claim under Section 1981 regarding the two tenure-track positions, as the Complaint neither alleges Plaintiff's race (Count IV) or her husband's religion (Count V) were the "but for" cause and includes no facts suggesting either influenced Barnard's hiring decision. *Comcast Corp. v. Nat'l Assoc. of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

Finally, Plaintiff's Title VI discrimination (Count VII) claim fails for a myriad of reasons. Although Plaintiff alleges Barnard receives Federal financial assistance, she fails to allege that she was an intended beneficiary of the Federally financed program or activity, or that Barnard allegedly discriminated against Plaintiff in connection with that program or activity. *See, e.g.*, *Ragland v. Coulter*, No. 20 Civ. 2002 (EK)(VMS), 2021 WL 4430271, at *8 (E.D.N.Y. June 25, 2021), *adopted by* 2021 WL 4406014 (E.D.N.Y. Sept. 27, 2021). Further, Plaintiff's allegation that Dr. Abu El-Haj purportedly stated Plaintiff's application would not be considered for a tenured-track positions because she was "not urban enough" – even if assumed true – is insufficient to infer discriminatory intent. *See Paupaw-Myrie v. Mt. Vernon City Sch. Dist.*, 653 F.Supp.3d 80, 97 (S.D.N.Y. 2023) (principal's comments about plaintiff's hair, body, and clothing, ridicule of black staff members, and higher scrutiny insufficient to state a plausible discrimination claim under Title VII or § 1981).[4] Nor does the Complaint attempt to infer discriminatory intent through comparators. *See e.g.*, *Kalia v. City Coll. of New York*, No. 22-CV-7508 (VSB), 2025 WL 522544, at *8 (S.D.N.Y. Feb. 18, 2025) (plaintiff's "conclusory allegation that his application 'was much stronger' … insufficient to raise an inference of discrimination.").

## II.     Plaintiff's Retaliation Claims Lack Causal Connection and Specificity.

Similarly, Plaintiff's claims for retaliation under these same three statutes fail as a matter of law given the inherent lack of causal connection between any (alleged) protected activity and any materially adverse employment action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Plaintiff's asserted retaliation claim under Title IX (Count II) fails as the *only* protected activity taken – the filing of a Complaint with Barnard's Office of Nondiscrimination and Title IX on January 12, 2023 – is not causally related to *any* adverse employment action. To start, Barnard's rejection of Plaintiff for the two tenure-track positions occurred *before* Plaintiff filed the internal complaint. Compl., ¶¶ 87-94, 130-36, 179, 182. Further, "an employer's failure to investigate a complaint of discrimination cannot be considered an adverse employment action taken in retaliation for the filing of the same discrimination complaint." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010). The other alleged "protected activity" does not allege that Plaintiff complained of or opposed alleged discriminatory activity *on the basis of sex* – rather she opposed the disparity of *childhood tuition benefits for children* **of faculty members** – regardless of their sex. *Cf. Cain v. Mercy Coll.*, No. 20-CV-2262 (LLS),

---

[3] In fact, Plaintiff repeatedly points to factors *unrelated to her gender* (or race) as the grounds for Barnard's alleged decision. *See* Compl., ¶¶ 95-99, 134-35, 148-52, 154-56, 161-65.

[4] Plaintiff's claim that her application would not be considered is belied by other factual allegations in the Complaint. Compl., ¶¶ 100-01, 104, 114 (Plaintiff alleging she was one of six finalists and was interviewed on multiple occasions). *See DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 151-52 (2d Cir. 2014) ("[The] principle [of accepting factual allegations as true] does not apply to general allegations that are contradicted 'by more specific allegations in the Complaint.'") (internal citation omitted).

2020 WL 4194637, at *7 (S.D.N.Y. July 20, 2020) (finding no Title IX claim where complaint failed to state any facts that defendant's conduct was due to plaintiff's sex).[5] Finally, Plaintiff's allegations that four emails she sent leading up to the last semester in her term are nothing more than common workplace petty slights or minor annoyances which are objectively insufficient to plausibly allege a claim of retaliation. *See, e.g., Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 (2d Cir. 2011) (quoting *Burlington*, 548 U.S. at 68).

Similarly, Plaintiff's retaliation claims brought pursuant to 42 U.S.C. § 1981 (Count III) and Title VI (Count VI) fail as the passage of *at least* one year is too attenuated to establish a causal connection with Barnard's decision not to hire Plaintiff for two tenure-track positions in December 2022. *See, e.g., Billings*, 2024 WL 444727, at *2 (finding 7 months insufficient to find causation in affirming dismissal on a Rule 12(b)(6) motion of plaintiff's retaliation claims). Notably, Plaintiff's failure to allege *when* she engaged in certain allegedly "protected activities" (*see* Compl., ¶¶75-77) are likewise fatal to her retaliation claims. *Cf. Stapleton v. New York City Dep't of Educ.*, No. 1:22-CV-09351 (DEH) (SDA), 2024 WL 4451304, at *11 (S.D.N.Y. Apr. 18, 2024), *report and recommendation adopted*, No. 22 CIV. 9351 (DEH) (SDA), 2024 WL 4182602 (S.D.N.Y. Sept. 13, 2024).[6]

### III. Plaintiff's State Law Claims Fail As A Matter of Law.

Plaintiff's breach of contract claims (Counts VIII and IX) fail as New York courts have made clear that "[r]outinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements." *Lobosco v. N.Y. Tel. Co./NYNEX*, 96 N.Y.2d 312, 317 (2001). Nor does the Complaint even allege the requisite elements necessary to state a breach of contract claim under New York law. *See Lim v. Radish Media Inc.*, No. 22-1610, 2023 WL 2440160, at *2 (2d Cir. Mar. 10, 2023) ("[T]he complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.") (internal quotations omitted).

Likewise, Plaintiff fails to meet the heightened pleading standard to plausibly allege claims of fraud as a matter of law. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006). Plaintiff alleges no "facts that give rise to a strong inference of fraudulent intent" required to state a plausible claim. *Id.* at 290. Instead, the facts reveal that Plaintiff was considered for two tenure track positions, as evidenced by the fact that she was interviewed by the Search Committee, and that her internal complaint was investigated, but found to be unsubstantiated. *See* Compl., ¶¶100-102, 183, 196.

For these reasons, Defendant respectfully requests that the Court schedule a pre-motion conference concerning its anticipated motion to dismiss. We thank the Court for the consideration of this request.

---

[5] Even if considered a protected activity, Plaintiff's Title IX retaliation claim would still fail as it is too attenuated to find a causal connection as a matter of law. *See Billings v. Murphy*, No. 22-2010-cv, 2024 WL 444727, at *2 (2d Cir. Feb. 6, 2024).
[6] Plaintiff's alleged 2021 complaints do not oppose an *intentionally discriminatory practice* based upon race or national origin. *See Yan v. Ziba Mode Inc.*, No. 15-cv-47 (RJS), 2016 WL 1276456, at *6 (S.D.N.Y. Mar. 29, 2016) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 316 (2d Cir. 2015)). Rather, the alleged 2021 complaints are related to the disparate impact of Barnard's policy to cap the number of students enrolled – which is not recognized under 42 U.S.C. § 1981, Title VI, or Title IX. *See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 390 (1982) (Section 1981).

Hon. Edgardo Ramos
January 23, 2026
Page 4

Sincerely,

Littler Mendelson, P.C.

*[signature]*

Jacqueline Phipps Polito

4918-2485-2342

littler.com