

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

January 23, 2026

**VIA ECF**
Hon. Edgardo Ramos
District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Evandro Gigante
Member of the Firm
d +1.212.969.3132
f 212.969.2900
egigante@proskauer.com
www.proskauer.com

Re:   <u>Erika M. Kitzmiller v. Barnard College, et al.,</u> 1:25-cv-08634 (S.D.N.Y.)

Dear Judge Ramos,

We submit this letter on behalf of The Trustees of Columbia University in the City of New York ("Columbia") requesting a pre-motion conference under Rule 2(A)(ii) of the Court's Individual Rules for Columbia's anticipated motion to dismiss. The Complaint alleges that Dr. Kitzmiller was discriminated and retaliated against on the basis of race and sex. Yet, her claims against Columbia fail as a matter of law because Columbia was not her employer and is not alleged to have committed or to have known about any discriminatory or retaliatory conduct.

I.   **Factual Background**

According to her Complaint, Dr. Kitzmiller was employed by Barnard College ("Barnard") as a non-tenure track Term Assistant Professor of Education Studies from 2019 until 2024. (Compl. ¶ 215). Dr. Kitzmiller alleges that she was discriminated against as a Caucasian woman and the spouse of a Jewish professor at Columbia when she was denied two tenure-track positions at Barnard, told she was "not urban enough" and thereafter retaliated against for filing a complaint with Barnard's Ombuds and Title IX office.  Dr. Kitzmiller does not allege that Columbia hired her, supervised her work for Barnard, took any discriminatory action against her, or had knowledge of her complaints. (Compl. ¶¶ 51-52).  Indeed, the only salient allegations that refer to Columbia include that: (1) Columbia employed Dr. Kitzmiller's spouse; (2) Barnard employees are subject to Columbia tenure review; and (3) Columbia served as a partial funder of Dr. Kitzmiller's term appointment within Barnard's Education Studies Department (Compl. ¶¶ 31, 59).  These allegations are insufficient to establish liability as against Columbia.

II.   **Kitzmiller Cannot Plead Facts to Establish Title IX or Title VI Liability**

Title IX prohibits sex-based discrimination by educational institutions receiving federal funds. *Glaser v. Upright Citizens Brigade*, LLC, 377 F. Supp. 3d 387, 398 (S.D.N.Y. 2019). Similarly, Title VI prohibits intentional race discrimination by recipients of federal funds. *See Tolbert v. Queens Coll.*, 242 F.3d 58 (2d Cir. 2001). Claims brought under Title VI, Title IX, and 42 U.S.C. § 1981 ("Section 1981") are analyzed under the same standard which require the plaintiff to show (1) for purpose of her discrimination claims, discriminatory intent or motivation regarding a protected characteristic; and (2) for her retaliation claim, that her protected activity was the but-for cause of the alleged retaliation. *See Glaser,* 377 F. Supp. 3d 387, 400 (S.D.N.Y. 2019); *Harriram v. City Univ. of New York*, 2024 WL 1374804, at *8 (S.D.N.Y. Mar. 31, 2024). Dr. Kitzmiller fails to state a plausible claim under Title IX and Title VI because she does not allege any discriminatory or retaliatory acts *by Columbia*, nor ascribe to Columbia knowledge of any

**Proskauer**

January 23, 2026
Page 2

alleged discrimination. Similarly, Dr. Kitzmiller does not plausibly allege that her gender was the basis for her denied promotion, but rather her parental status, which alone is not actionable under Title IX or Title VI. Dr. Kitzmiller also fails to plead that Columbia receives federal funds, the primary purpose of which is to provide employment.

Under Title IX and Title VI there must be direct involvement by and/or actual notice to officials of the funding recipient to establish liability. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 287, 118 S.Ct. 1989 (1998) (Title IX liability "operates on an assumption of actual notice to officials of the funding recipient"); *Eldars v. State Univ. of New York at Albany*, 2020 WL 2542957, at *9 (N.D.N.Y. May 19, 2020), *aff'd sub nom.*, 2021 WL 4699221 (2d Cir. Oct. 8, 2021) (rejecting plaintiff's claim that employer "can be held vicariously liable for the actions of its employees in the absence of any direct involvement by it in the conduct"). Accordingly, an institution cannot be found liable where alleged "liability rests solely on principles of vicarious liability or constructive notice." *Gebser*, 524 U.S. at 287. Here, the Complaint does not allege that Columbia took any discriminatory action against Dr. Kitzmiller because of her gender or race, nor that Columbia had knowledge of her complaints. Instead, Dr. Kitzmiller alleges that Barnard failed to hire her for two tenure-track Barnard positions, that she was told she was "not urban enough" by Barnard faculty members, and that she complained to Barnard's administrators. (Compl. ¶¶ 77, 117, 146 182.) There is no allegation that Columbia engaged in discriminatory conduct, had notice of such actions and/or acted with deliberate indifference, which is fatal to her claim.

Dr. Kitzmiller's Title IX claim also fails because her allegations cite her parental status, *not her gender*, as the basis for the alleged discriminatory decisions. *See* 34 CFR 106.57(a)(1) (Aug. 15, 2020) ("A recipient shall not … take any employment action… [c]oncerning the potential marital, parental, or family status of an employee … which treats persons differently *on the basis of sex*" (emphasis added.)). The Complaint alleges that "Search Committee members expressed an aversion to female applicants and/or faculty members with children like Dr. Kitzmiller, claiming they were not as available to teach night classes which could increase revenue because of their childcare responsibilities." (Compl. ¶ 244.) As the Complaint concedes, however, two *women* were hired to fill the positions that Dr. Kitzmiller did not receive. (Compl. ¶¶ 247, 248.) Without an allegation that Dr. Kitzmiller was treated "differently on the basis of sex" (as opposed to merely based on her parental status) her Title IX claims must be dismissed.

Similarly, Dr. Kitzmiller's Title VI claim fails because she does not plead that Columbia receives federal funds the primary purpose of which is to provide employment. *See Moss v. Bd. of Educ. of Brentwood Sch. Dist.,* 2025 WL 1548945, at *7 (E.D.N.Y. May 30, 2025) ("a threshold requirement is that the employer be the recipient of federal funds aimed primarily at providing employment.") To state a claim under Title VI, Dr. Kitzmiller must plead that there is a "'logical nexus' between a federally funded program or activity" and the alleged employment discrimination. *Id.* Because Dr. Kitzmiller's Complaint makes no allegation that Columbia used federal funds to provide her employment (which it did not do), her Title VI claims fail.

### III. <u>Dr. Kitzmiller Cannot State a Section 1981 Claim Against Columbia</u>

Dr. Kitzmiller's Section 1981 claims fail because she does not sufficiently plead that Columbia was her employer, or that she would have received the positions she sought *at Barnard*

**Proskauer»**

January 23, 2026
Page 3

"but for" her race. Section 1981's joint employer test analyzes several factors to determine if two employers had "significant control over" the plaintiff's employment terms and conditions, including: (1) control over hiring, firing, training, promotion, and discipline; (2) supervision; and (3) handling of records, insurance, and payroll. *Felder v. U.S. Tennis Ass'n,* 27 F. 4th 834, 843 (2d Cir. 2022). Dr. Kitzmiller's allegations, including that Barnard employees are subject to Columbia tenure review and that Columbia contributed to a portion of her salary at Barnard, are insufficient to plausibly claim a joint employer relationship between Columbia and Barnard.[1] *See Byron v. Bronx Parent Hous. Network*, 2023 WL 2585824, at *3 (S.D.N.Y. Mar. 20, 2023); *see also, Pell v. Trustees of Columbia Univ. in the City of New York,* 1998 WL 19989, at *FN 1 (S.D.N.Y. Jan. 21, 1998).

Moreover, even if Dr. Kitzmiller has sufficiently pled Columbia as a joint employer – which she did not – Columbia can only be liable for *its own conduct*. *See Sosa v. Medstaff, Inc.*, 2013 WL 6569913, at *2–4 (S.D.N.Y. Dec. 13, 2013) ("even where two companies are deemed a joint employer, ... it is not necessarily the case that both are liable for discriminatory conduct.") Dr. Kitzmiller claims she applied to Barnard for Barnard faculty positions, noting "the Columbia counterpart departments were never involved in these searches," she was discriminated against by Barnard faculty members, and that she complained to Barnard administrators. (*See* Compl. ¶¶ 77, 146, 182.) She fails to allege "facts sufficient to hold [Columbia] vicariously liable for the actions of" Barnard because she does not plausibly plead that Columbia controlled the actions of Barnard employees or responded to her complaints. *Sosa*, at *2–4 (S.D.N.Y. Dec. 13, 2013).

Dr. Kitzmiller also fails to plead that race was the "but for" cause of any alleged discrimination by Columbia which she must do under Section 1981. *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Here, Dr. Kitzmiller's claims are premised on the allegations that (1) Barnard hiring committee members said she was "not urban enough"; (2) a Barnard professor did not support her advocacy on behalf of minority students in May 2021; and (3) a Barnard professor and search committee chair commented on her "anti-Muslim" poster and "vocally presumed" that Professor Jacobs was a bad husband and father. Even if true, these allegations are insufficient to establish that Dr. Kitzmiller would have been hired by Barnard but for her race, much less that Columbia should be held responsible whatsoever for that decision. *See Alameda v. Ass'n of Soc. Work Boards*, 2024 WL 4302389, at *5 (S.D.N.Y. Sept. 25, 2024) (affirming dismissal of Section 1981 claims where the plaintiff failed to plead that "but for race, [she] would not have suffered the loss of a legally protected right.")

For the reasons stated herein, Columbia should be dismissed in its entirety.

---

[1] Dr. Kitzmiller's state law claims for breach of contract and fraud fail for the same reasons: (i) Columbia was not her employer, (ii) the policies she cites as having been breached, "Barnard's Academic Code," "Barnard's Faulty Handbook" and "Barnard's Title IX and anti-discrimination policies and procedures" cannot form the basis of a breach of contract claim *against Columbia*, (iii) she has not alleged any breach by Columbia and (iii) she has not pled with specificity any material misrepresentation made by Columbia. *See Arroyo v. Cent. Islip UFSD*, 173 A.D.3d 814, 816, 103 N.Y.S.3d 512 (2019) ("One cannot be held liable under a contract to which he or she is not a party") (internal citations omitted).

**Proskauer»**

Proskauer》

January 23, 2026
Page 4

Respectfully submitted,

By: s/ *Evandro C. Gigante*
    Evandro C. Gigante