# TAB A

Docusign Envelope ID: 0398E0CE-E800-40A6-9691-B7A51DA0B1C6

## TOLLING AGREEMENT

The Parties to this Tolling Agreement ("Agreement") are Erika Kitzmiller ("Complainant"), Barnard College ("Barnard") and, separately, The Trustees of Columbia University in the City of New York ("Columbia"). Complainant, Barnard and Columbia are referred to collectively herein as the "Parties." This Agreement is effective as of December 13, 2024 (the "Effective Date").

WHEREAS Complainant alleges she worked at Barnard and Columbia from 2019 until 2024, and her counsel sent counsel for Barnard and Columbia a letter with a draft complaint (the "Draft Complaint") dated December 13, 2024, alleging claims of unequal pay and promotion based on gender (including steering women into non-tenure track positions) on behalf of Complainant and a potential class of current or former female Barnard faculty who held such positions at any time within the six-year period preceding the Effective Date of the Agreement ("Potential Class Members"). The Draft Complaint alleges claims under Title VII, the New York Equal Pay Law-New York Labor Law Section 194, and the New York City or State Human Rights Laws, as well as additional individual claims asserted by Complainant (collectively, the "Claims"). Following that, on or about February 1, 2025, Complainant filed an amended charge of Discrimination with the EEOC and the New York State Division of Human Rights alleging class claims. Complainant has not filed nor presently intends to file any other agency claims while this Agreement is in effect and will consult with Barnard and Columbia if her intention changes while this Agreement is in effect;

WHEREAS, Barnard denies Complainant's allegations in whole and Columbia denies that it ever employed Complainant or that it is in any way liable to Complainant or any Potential Class Members as asserted by Complainant; and

WHEREAS, the Parties enter into this Agreement in order to maintain the status quo and cooperate with respect to exploring potential resolution of some or all of the Claims set forth in the Draft Complaint; and

NOW THEREFORE, the Parties agree as follows:

1.    Tolling Period: The Claims asserted in the Draft Complaint shall be tolled beginning as of the Effective Date until this Agreement terminates (the "Tolling Period").

2.    Termination of Tolling Period: Complainant or either Barnard or Columbia may terminate this Agreement by sending 21 days' written advance notice by email or letter to counsel for all parties as listed below. Moreover, this Agreement shall terminate immediately if Complainant or any Potential Class Member represented by Complainant's counsel violates the above notice period and files an agency charge, amended agency charge or lawsuit asserting Claims asserted in the Draft Complaint or pending agency charges.

Termination notification must be sent to:

1

Error! Unknown document property name.

Docusign Envelope ID: 0398E0CE-E800-40A6-9691-B7A51DA0B1C6

For Complainant's Counsel:

Kelly M. Dermody
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
415.956.1000
kdermody@lchb.com


Barnard's Counsel:

Barbara A. Gross
Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022
212.471.4486
bgross@littler.com

Columbia's Counsel:

Evandro C. Gigante
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
212.969.3132
egigante@proskauer.com

3.    Statute of Limitations Computing:  No statute of limitations on any of the Claims as set forth in the Draft Complaint shall run against Complainant or Potential Class Members who are ultimately deemed by a court to be a class or collective action member and the same shall be tolled from the Effective Date until the termination of the Tolling Period as set forth in Paragraph 2.  To the extent any Claims of Complainant or Potential Class Members are time-barred as of the Effective Date, such Claims shall remain time-barred and nothing contained in this Agreement shall allow Complainant or Potential Class Members to assert such time-barred Claims.  Furthermore, nothing in this Agreement shall have the effect of reviving any Claims that are otherwise barred by a statute of limitations or laches prior to the Effective Date.  Neither party shall put forward or rely upon the Tolling Period as a bar or laches or for any other purpose to defeat the claims made or to be made by Complainant.  This Agreement does not toll any statute of limitations or affect any laches argument for any individual other than the Complainant or the Potential Class Members or for any claims other than the Claims, as provided herein.

4.    Use of Agreement:  Once this Agreement is fully executed, Complainant shall refrain and forebear from commencing, instituting, or prosecuting any lawsuit, arbitration,

2

Docusign Envelope ID: 0398E0CE-E800-40A6-9691-B7A51DA0B1C6

action, or other proceeding against the Parties raising the Claims until the termination of the Tolling Period as set forth in Paragraph 2. In the event that Complainant breaches this paragraph, this Agreement will be extinguished as if it never existed, considered null and void and completely unenforceable.

5.    Agreement is Not Evidence: This Agreement shall not be offered into evidence for any purpose other than to prove that the applicable statute of limitations as to the Claims and defenses thereto have been tolled or to prove that Complainant breached paragraph 4 of this Agreement. The Parties enter into this Agreement solely for the purpose of exploring possible settlement.

6.    No Admission of Liability: It is specifically agreed and understood that the execution of this Agreement does not constitute an admission of liability or wrongdoing on the part of any Party. Nothing herein prevents or waives the right of Barnard or Columbia to oppose any of the Claims asserted in the Draft Complaint on an individual or class basis or waives Barnard's or Columbia's right, if any, to require the arbitration of any Claims in the Draft Complaint or any other remedies required by any applicable collective bargaining agreement or any other applicable documents. Moreover, this Agreement does not reflect a concession by Barnard or Columbia that any Claims are timely or that any Claims could be properly brought as class or collective claims.

7.    Amendments: No extension, renewal, amendment or waiver of any provision of this Agreement shall be effective unless it is in writing and signed by counsel for the Parties to this Agreement. This Agreement shall constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

8.    Successors: This Agreement shall bind and benefit each of the parties and their respective predecessors, successors, and assigns.

9.    Governing Law: This Agreement shall be governed by the substantive laws of the State of New York, without application of choice of law rules.

10.    Execution: The Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument. Photocopies/facsimiles/PDFs of the signature pages shall be sufficient to demonstrate the agreement of the Parties.

11.    I have reviewed and I agree to the Agreement set forth above.

3

Error! Unknown document property name.

Dated: 2/28/2025                LITTLER MENDELSON, P.C.

                                By: _Barbara Gross_____
                                    Barbara A. Gross
                                    Counsel for Barnard College


Dated: 3/3/2025                 PROSKAUER ROSE LLP

                                By: _Evandro C. Gigante_____
                                    Evandro C. Gigante
                                    Counsel for Columbia University


Dated: 3/3/2025                 LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                                By: _Kelly Dermody_____
                                    Kelly M. Dermody
                                    Counsel for Complainant


Dated: 3/4/2025                 LIEBER HAMMER HUBER & PAUL, P.C.

                                By: _James Lieber_____
                                    James B. Lieber
                                    Counsel for Complainant


4

Error! Unknown document property name.

**ᴅ docusign**

## Certificate Of Completion

Envelope Id: 0398E0CE-E800-40A6-9691-B7A51DA0B1C6                    Status: Completed
Subject: Complete with Docusign: Barnard College_Columbia University Tolling Agreement - revised 2.26.25...
Source Envelope:
Document Pages: 4                    Signatures: 4                    Envelope Originator:
Certificate Pages: 5                 Initials: 0                      LCHB Document Signing
AutoNav: Enabled                                                     275 Battery Street
EnvelopeId Stamping: Enabled                                         29th Floor
Time Zone: (UTC-08:00) Pacific Time (US & Canada)                    San Francisco, CA  94111-3339
                                                                     docusign@lchb.com
                                                                     IP Address: 38.114.147.135

## Record Tracking

Status: Original                    Holder: LCHB Document Signing        Location: DocuSign
         2/26/2025 2:29:59 PM                docusign@lchb.com

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| Barbara Gross<br>BGross@littler.com<br>Security Level: Email, Account Authentication (None) | *Barbara Gross*<br>DA7C6527EE3A46C... <br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 108.53.83.229 | Sent: 2/26/2025 2:30:00 PM<br>Viewed: 2/26/2025 2:39:12 PM<br>Signed: 2/28/2025 10:18:39 AM |
| **Electronic Record and Signature Disclosure:**<br>Accepted: 2/26/2025 2:39:12 PM<br>ID: cc2ebc42-f3cd-4e34-9cc2-d5791e1f30ce | | |
| Evandro C. Gigante<br>egigante@proskauer.com<br>Security Level: Email, Account Authentication (None) | *Evandro C. Gigante*<br>47C377FF3A8E415... <br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 207.210.170.175 | Sent: 2/28/2025 10:18:40 AM<br>Viewed: 2/28/2025 1:23:35 PM<br>Signed: 3/3/2025 12:57:29 PM |
| **Electronic Record and Signature Disclosure:**<br>Accepted: 2/28/2025 1:23:35 PM<br>ID: bc25a220-c9ba-4d5e-9740-3f8e59bf67e5 | | |
| Kelly Dermody<br>kdermody@lchb.com<br>Security Level: Email, Account Authentication (None) | *Kelly Dermody*<br>98DCB3EEA500446... <br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 38.114.147.135 | Sent: 3/3/2025 12:57:30 PM<br>Viewed: 3/3/2025 7:26:31 PM<br>Signed: 3/3/2025 7:26:57 PM |
| **Electronic Record and Signature Disclosure:**<br>Accepted: 3/3/2025 7:26:31 PM<br>ID: cbec76f3-6f67-41f8-b5e0-93b811aeccda | | |
| James Lieber<br>jlieber@lhhb-law.com<br>Security Level: Email, Account Authentication (None) | *James Lieber*<br>B3CF650D570F4AC... <br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 70.89.225.173 | Sent: 3/3/2025 7:26:59 PM<br>Viewed: 3/4/2025 11:40:45 AM<br>Signed: 3/4/2025 11:41:45 AM |
| **Electronic Record and Signature Disclosure:**<br>Accepted: 3/4/2025 11:40:45 AM<br>ID: e2f5fb53-f39e-4ee3-a66b-cf5f9930900e | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

**Carbon Copy Events**   **Status**   **Timestamp**

Jessica A. Moldovan
jmoldovan@lchb.com
Lieff Cabraser Heimann & Bernstein
Security Level: Email, Account Authentication
(None)
**Electronic Record and Signature Disclosure:**
   Not Offered via Docusign

COPIED

Sent: 3/4/2025 11:41:47 AM
Viewed: 3/4/2025 11:42:07 AM

Marissa Orque
morque@lchb.com
Security Level: Email, Account Authentication
(None)
**Electronic Record and Signature Disclosure:**
   Not Offered via Docusign

COPIED

Sent: 3/4/2025 11:41:47 AM
Viewed: 3/4/2025 11:42:05 AM

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

**Envelope Summary Events**   **Status**   **Timestamps**

| Envelope Sent | Hashed/Encrypted | 2/26/2025 2:30:00 PM |
| Certified Delivered | Security Checked | 3/4/2025 11:40:45 AM |
| Signing Complete | Security Checked | 3/4/2025 11:41:45 AM |
| Completed | Security Checked | 3/4/2025 11:41:47 AM |

**Payment Events**   **Status**   **Timestamps**

**Electronic Record and Signature Disclosure**

Electronic Record and Signature Disclosure created on: 2/23/2024 2:31:17 PM
Parties agreed to: Barbara Gross, Evandro C. Gigante, Kelly Dermody, James Lieber

**ELECTRONIC RECORD AND SIGNATURE DISCLOSURE**

From time to time, Lieff, Cabraser, Heimann & Bernstein Llp (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Lieff, Cabraser, Heimann & Bernstein Llp:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: harcher@lchb.com

**To advise Lieff, Cabraser, Heimann & Bernstein Llp of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at harcher@lchb.com and in the body of such request you must state: your previous email address, your new email address. We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Lieff, Cabraser, Heimann & Bernstein Llp**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to amcren@lchb.com and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Lieff, Cabraser, Heimann & Bernstein Llp**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to harcher@lchb.com and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Lieff, Cabraser, Heimann & Bernstein Llp as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Lieff, Cabraser, Heimann & Bernstein Llp during the course of your relationship with Lieff, Cabraser, Heimann & Bernstein Llp.