

**Littler Mendelson, P.C.**
80 Linden Oaks
Suite 210
Rochester, New York 14625

Jacqueline Phipps Polito
585.203.3413 direct
585.486.1774 fax
jpolito@littler.com

July 24, 2026

**VIA CM/ECF FILING**

Hon. Edgardo Ramos
US District Court for the Southern District of NY
40 Foley Square
New York, NY  10007

Re:    *Kitzmiller v. Barnard College, et al.,* Case No. 1:25-cv-08634

Dear Judge Ramos:

Defendants Barnard College, Thea Renda Abu El-Haj, Maria Rivera Maulucci, Elizabeth Scott-Francis, Linda A. Bell, Sian Beilock, Laura Ann Rosenbury, and Lesley A. Sharp (the "Barnard Defendants") respectfully submit this letter in opposition to Plaintiff's request for leave to file a sur-reply. (ECF No. 75.)

Plaintiff has failed to identify any basis that would justify the extraordinary and disfavored step of permitting additional briefing. Courts in this District routinely recognize that "sur-replies are generally disfavored" and should be permitted only where a reply brief raises new arguments or evidence to which the opposing party has had no opportunity to respond. *United States Airways, Inc. v. Sabre Holdings Corp.*, No. 11-CV-2725 (LGS) (JLC), 2023 U.S. Dist. LEXIS 62396, at *15 n.7 (S.D.N.Y. Apr. 10, 2023). Plaintiff makes no such showing here.

Plaintiff principally contends that the Barnard Defendants raised an "administrative convenience dismissal" argument for the first time in their reply brief. (ECF No. 75.) That assertion mischaracterizes both Plaintiff's opposition and the Barnard Defendants' reply. In opposing dismissal, Plaintiff affirmatively argued that her NYSHRL and NYCHRL claims were timely because the applicable limitations periods were tolled during the pendency of her EEOC and NYSDHR proceedings. (ECF No. 67 at 4–5.) In support of that argument, Plaintiff specifically relied upon the January 15, 2026 administrative convenience dismissal issued by the NYSDHR. (*Id.* at 5.) The Barnard Defendants' reply merely responded to Plaintiff's tolling theory and explained why N.Y. Exec. Law § 297(9) does not provide tolling where, as here, the complainant requests an administrative convenience dismissal. (ECF No. 72 at 4–5.) A party cannot create a

Hon. Edgardo Ramos
July 24, 2026
Page 2

basis for a sur-reply simply because the opposing party addresses arguments that the party itself chose to raise in its opposition brief.

Nor does Plaintiff identify any new factual matter that would warrant further briefing. To the extent Plaintiff suggests that the Barnard Defendants introduced new facts in reply, that contention is equally unfounded. The reply brief relied on the allegations in the Complaint and the administrative records already before the Court. Plaintiff's disagreement with the Barnard Defendants' characterization of those allegations or records does not transform a responsive argument into new evidence, nor does it justify an additional round of briefing.

Indeed, Plaintiff's request amounts to nothing more than an effort to obtain the last word on issues that have already been fully presented to the Court. Plaintiff has already had a full and fair opportunity to address the issues raised in the motion through a 30-page opposition memorandum totaling approximately 8,698 words. (ECF No. 67.) The Barnard Defendants then filed a 15-page reply memorandum responding to Plaintiff's arguments. (ECF No. 72.) Plaintiff identifies no genuinely new argument, evidence, or authority that would justify departing from the ordinary briefing schedule and granting leave for yet another merits submission.

Accordingly, the Barnard Defendants respectfully request that the Court deny Plaintiff's request for leave to file a sur-reply.

We thank the Court for its time and consideration.

Respectfully submitted,

Littler Mendelson, P.C.

Jacqueline Phipps Polito

cc:    All counsel of record (via CM/ECF)

4916-1073-2224