**Littler Mendelson, P.C.**
80 Linden Oaks
Suite 210
Rochester, New York 14625

Jacqueline Phipps Polito
585.203.3413 direct
585.486.1774 fax
jpolito@littler.com

August 27, 2026

**VIA CM/ECF FILING**

Hon. Edgardo Ramos
US District Court for the Southern District of NY
40 Foley Square
New York, NY 10007

Re: *Kitzmiller v. Barnard College, et al.*, Case No. 1:25-cv-08634

Dear Judge Ramos:

Defendants Barnard College, Thea Renda Abu El-Haj, Maria Rivera Maulucci, Elizabeth Scott-Francis, Linda A. Bell, Sian Beilock, Laura Ann Rosenbury, and Lesley A. Sharp (the "Barnard Defendants") respectfully oppose Plaintiff's August 21, 2026 request for a "brief telephone status conference" (ECF. No 79) because the request is unnecessary and not appropriate at this time.

*First*, the Barnard Defendants expressly requested a stay of discovery pending resolution of their Motion to Dismiss. (ECF No. 56.) Plaintiff did not oppose that request in her Opposition. (ECF No. 67.) The Barnard Defendants highlighted Plaintiff's non-opposition in their Reply. (ECF No. 72 at 15.) Having elected not to challenge a stay in her motion papers, Plaintiff should not now be permitted to sidestep the briefing process and seek to advance discovery through a separate letter to the Court.

*Second*, Plaintiff does not identify any changed circumstances warranting a conference or any prejudice that would result from maintaining the status quo pending resolution of the fully briefed motion. Instead, Plaintiff's request rests entirely on counsel's asserted "good faith belief based on many years of experience in this area of law plus current case research" that at least some claims may survive the pending motions. (ECF No. 79.) Even though the Barnard Defendants' vehemently dispute this assertion, "in resolving a motion to stay discovery, the Court's focus is on whether the defendant makes a strong showing that the [plaintiffs'] claim[s are] unmeritorious and present[s] substantial arguments for dismissal … not whether the arguments will ultimately be successful." *Guralnick v. Too Lost LLC*, No. 26-CV-01832 (JHR) (RFT), 2026 LX 453775, at *4 (S.D.N.Y. Aug. 12, 2026) (citation omitted, granting motion to stay discovery). Plaintiff's counsel's prediction as to the outcome of the pending motions is therefore beside the point.

*Third*, a stay of discovery does not alter the Barnard Defendants' existing preservation obligations, and Plaintiff does not, because she cannot, claim any evidence is at risk of being lost while the Court considers the pending motions.

*Finally*, a stay here is particularly appropriate given the extraordinary breadth of Plaintiff's Amended Complaint (ECF No. 30), which spans 859 allegations and asserts 37 causes of action against 10 parties, all of whom have moved to dismiss the Amended Complaint in its entirety. The burden and expense associated with discovery in a case of this scope weigh strongly in favor of permitting the Court to first resolve the pending dispositive motions. *Moyse v. Soho Studio, LLC*, No. 26-CV-00175 (NJC) (JMW), 2026 LX 468683, at *10 (E.D.N.Y. July 31, 2026) ("Courts routinely grant stays where, as here, Defendants seek to dismiss the entirety of the Complaint.").

Accordingly, the Barnard Defendants respectfully request that the Court deny Plaintiff's request and defer any scheduling conference until after the pending motions.

We thank the Court for its time and consideration.

Respectfully submitted,

Littler Mendelson, P.C.

Jacqueline Phipps Polito

cc: All counsel of record (via CM/ECF)

4935-2903-1370